IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COTTRELL, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) CIVIL NO. 12-1044-GPM |
| **J. NIGEL ELLIS, DYNAMIC SCIENTIFIC CONTROLS, INC., ELLIS LADDER IMPROVEMENTS, INC., and ELLIS LITIGATION SERVICES,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Foster v. Hill,* 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Defendants J. Nigel Ellis, Dynamic Scientific Controls, Inc., Ellis Ladder Improvements, Inc., and Ellis Litigation Support removed this case from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois on September 28, 2012 pursuant to 28 U.S.C. §§ 1441, 1446, claiming that this Court has original jurisdiction over the action pursuant to the complete diversity of the parties, as per 28 U.S.C. § 1332 (Doc. 2).  However, Defendants fail to properly allege the citizenship of J. Nigel Ellis.  The notice of removal states "Defendant J. Nigel Ellis is a resident of the State of Delaware." (Doc. 2).  An allegation of "residence" as opposed to "citizenship" is insufficient to establish complete

diversity. *See Pollution Control Industries of America, Inc. v. Van Gundy,* 21 F.3d 152, 155 (7th Cir. 1994).

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities (however high)." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Accordingly, pursuant to 28 U.S.C. § 1653, Defendant, the proponent of federal jurisdiction, is **ORDERED** to file an Amended Notice of Removal **on or before October 19, 2012**, to establish Defendant J. Nigel Ellis's citizenship. If Defendant fails to file an Amended Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will remand the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "it is not the court's obligation to lead [parties] through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED: October 11, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge